## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

BRIDGET NICOLE REVILLA, et al.,      )
                                     )
             Plaintiffs,             )
                                     )
v.                                   )      Case No. 13-CV-315-JED-TLW
                                     )
STANLEY GLANZ, SHERIFF OF TULSA      )
COUNTY, et al.                       )
                                     )
             Defendants.             )

## OPINION AND ORDER

Before the Court is the Motion to Dismiss (Doc. 22) filed by defendants Correctional Healthcare Management, Inc. (CHMI) and Correctional Healthcare Management of Oklahoma, Inc. (CHMO) (collectively, the CHM defendants). Plaintiffs filed a response (Doc. 35), to which the CHM defendants replied (Doc. 37).

The CHM defendants move to dismiss on the ground that, as of their merger into defendant Correctional Healthcare Companies, Inc. (CHC), effective December 31, 2011, the CHM defendants ceased to exist pursuant to Colorado law. The CHM defendants have provided information which indicates that they each merged into CHC, effective December 31, 2011 (Doc. 22-1) and that, in accord with Colorado law, those merged corporations thus "cease" and "[a]ll obligations of the merging entities shall attach as a matter of law to the surviving entity and may be fully enforced against the surviving entity." *See* Colo. Stat. § 7-90-204.

In response, plaintiffs note that the CHM defendants' argument that they ceased to exist as of December 31, 2011 is inconsistent with a number of Corporate Disclosure Statements filed by those defendants in this Court after December 31, 2011. (*See* Doc. 17 and 18 in Case No. 11-CV-720; Doc. 13 in Case No. 11-CV-755; Doc. 24 in Case No. 12-CV-68; Doc. 76 in Case No.

11-CV-457; and Doc. 20 in Case No. 11-CV-696).  The Court also notes that CHMO filed an Answer in another case in this Court on May 20, 2013, almost 17 months after it allegedly ceased to exist.  (Doc. 22 in Case No. 13-CV-112).  In yet another case, CHMO filed an Answer on June 17, 2013, *after* plaintiffs' initiated this lawsuit.  (*See* Doc. 6 in Case No. 13-CV-303).  Plaintiffs also assert that dismissal of the CHM defendants is improper because CHMO entered into an amendment to the Health Services Agreement for the Tulsa County Jail, which was effective July 1, 2012, six months *after* the CHM defendants assert that they ceased to exist. (Doc. 35-7).  That amendment was signed on behalf of both CHM and CHC on June 27, 2012, and the recitals to the amendment provided that "CHMO as part of its corporate re-branding has merged into [CHC]; and . . . [CHC] and CHMO have common corporate ownership, officers and directors."  (*Id.*).

The Court recognizes that the Colorado statute appears to support the CHM defendants' argument.  However, the CHM defendants have not explained the inconsistencies in their representations to the Court in filings in other cases, nor have they provided any on point legal authority to support their argument for dismissal where the allegedly non-existent entities continued to hold themselves out as existing entities after they merged.  At this time, the Court does not have enough information to determine whether the exclusion or inclusion of the CHM defendants is appropriate in this case.

IT IS THEREFORE ORDERED that the CHM defendants' motion to dismiss is **denied at this time, without prejudice**.  Should the CHM defendants wish to reassert a dispositive motion on this issue at a later date, they should include an explanation for the discrepancies in their post-merger representations to the Court regarding their status as separate existing entities,

and they also shall provide legal authorities supporting their argument for dismissal on the grounds asserted.

SO ORDERED this 18th day of March, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE