## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIDGET NICOLE REVILLA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-315-JED-TLW |
| | ) | |
| STANLEY GLANZ, SHERIFF OF TULSA | ) | |
| COUNTY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Before the Court is the motion to dismiss (Doc. 90) filed by defendants Correctional

Healthcare Companies, Inc., Correctional Healthcare Management of Oklahoma, Inc.,

Correctional Healthcare Management, Inc., Andrew Adusei, M.D., Phillip Washburn, M.D., and

Christina Rogers, R.N. (collectively the "Healthcare Defendants").  The Healthcare Defendants

request that the Court dismiss the claims of Alma McCaffrey, as Personal Representative of the

Estate of Gregory Brown, and Christine Wright, as Special Administrator of the Estate of Lisa

Salgado, as time-barred under *Okla. Stat.* tit. 12, § 95(A)(11), which provides a one-year statute

of limitations.  There is no dispute that the McCaffrey and Wright claims were commenced more

than one year, but less than two years, after the deaths of those plaintiffs' decedents.  Thus, the

primary issue presented by the motion is whether the Court will apply to the McCaffrey and

Wright claims the one-year statute of limitations found in § 95(A)(11) or the two-year statute of

limitations generally applicable to claims brought under 42 U.S.C. § 1983 and Oklahoma

wrongful death claims.

As plaintiffs note, the Healthcare Defendants' dismissal motion, which is expressly

premised on Fed. R. Civ. P. 12(b)(6) (*see* Doc. 90 at 2), was untimely.  "A motion [under Rule

12(b)] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The plaintiffs' Amended Complaint was filed May 31, 2013. The Healthcare Defendants filed prior motions to dismiss the Amended Complaint (Doc. 21, 22), the Court denied those motions (Doc. 43, 44) in March, 2014, and the Healthcare Defendants filed their Answers to the Amended Complaint (Doc. 48, 49, 53, 54, 55, 56, and 59) in early April, 2014. They filed the instant motion to dismiss on March 9, 2015, almost one year after filing their Answers. The motion was therefore untimely pursuant to the plain terms of Rule 12(b).

Some courts will convert untimely Rule 12(b)(6) motions to dismiss to motions for judgment on the pleadings under Rule 12(c). *See, e.g., Estate of Stevens ex rel. Collins v. Bd. of Comm'rs of Cty. of San Juan*, 53 F. Supp. 3d 1368, 1371-72 (D.N.M. 2014). The Healthcare Defendants have not requested that the Court convert their motion to one for judgment on the pleadings under Rule 12(c). Even construing the motion to dismiss as a timely motion for judgment on the pleadings under Rule 12(c), the Court finds that such motion should be denied at this time, as the Healthcare Defendants have not provided a definitive legal argument for application of the one-year statute of limitations in *Okla. Stat*. tit. 12, § 95(A)(11) to the claims asserted by McCaffrey and Wright.

The Healthcare Defendants assert that they filed their second motion to dismiss after they "became aware of recent changes in the common law holding that Okla. Stat. Ann. tit. 12, § 95(A)(11) applies to professional negligence actions involving claims which arose during a period of incarceration, such as the instant action." (Doc. 94 at 2) (citing *Olive v. Bd. of Cty. Comm'rs of Bryan Cty.*, No. CIV-12-JHP, 2014 WL 4264799 (E.D. Okla. Aug. 27, 2014)). But the portions of *Olive* upon which the Healthcare Defendants rely to argue that the McCaffrey and Wright claims are time-barred under the one year statute of limitations in § 95(A)(11) (*see* Doc.

90 at 7) were included only in a magistrate's findings and recommendation and were *not adopted by the district judge* in that case.  There, District Judge James H. Payne determined the case based on the *two year* statute of limitations in § 95(3):

> The Plaintiff's negligence claim is time-barred under the two-year statute of limitations provided under § 95(3), so *this Court does not reach a holding regarding whether the special one-year statute of limitations provided under § 95(11) should apply to these claims....* [T]his Court finds and orders that the Report and Recommendation entered by the United States Magistrate Judge on June 2, 2014, is supported by the record and is AFFIRMED and ADOPTED by this Court as its Findings and Order, *except with respect to the United States Magistrate Judge's findings regarding Okla. Stat. tit. 12, § 95(11) and that statute's applicability to this case.*

*Olive*, 2014 WL 4264799, at *1 (italics added).  The Healthcare Defendants' reliance upon *Olive* is unavailing.[1]

In response to the dismissal motion, plaintiffs noted that the claims brought by McCaffrey and Wright include wrongful death claims brought by personal representatives and claims under 42 U.S.C. § 1983, both of which are governed by a two-year statute of limitations. (*See* Doc. 93).  Oklahoma's wrongful death statute and the statute governing death claims against health care providers licensed under the laws of Oklahoma provide that such claims must be commenced within two years.  *See Okla. Stat.* tit. 12, § 1053(A); *Okla. Stat.* tit. 76, § 18.  Those statutes are cited in plaintiffs' response, but the Healthcare Defendants did not discuss those statutes or address plaintiffs' arguments in reply.

In addition, plaintiffs correctly noted in their response that claims pursued under 42 U.S.C. § 1983 have typically been determined to be governed by Oklahoma's two-year general

---

[1]   Indeed, the Healthcare Defendants misrepresented the un-adopted portion of the magistrate's findings and recommendation to be the "holding" of *Olive*. (*See* Doc. 90 at 7).  A plain reading of the *Olive* opinion reveals to the contrary, as the district judge's decision applied the two-year statute of limitations, expressly "[did] not reach a holding" regarding the applicability of § 95(A)(11), and did not adopt the portion of the magistrate's report and recommendation regarding that statute.

tort statute of limitations.  Plaintiffs also cited other cases in which federal district courts in Oklahoma have declined to apply the one-year limitations period of *Okla. Stat.* tit. 12, § 95(A)(11) to claims brought under § 1983. (Doc. 93 at 6-7).  Again, the Healthcare Defendants failed to respond to those arguments or attempt to distinguish the authorities cited.  Rather, the Healthcare Defendants merely urge that the Court apply the one-year state statute of limitations based upon an alleged "[c]ommon sense interpretation of ... § 95(A)(11)."  (Doc. 94 at 3-4).  The Court declines that invitation, because the Healthcare Defendants have not provided adequate authorities or arguments and have failed to distinguish the plaintiffs' legal authorities, which generally require the application of a two-year limitations period.

Based on the foregoing, the Healthcare Defendants' motion to dismiss / motion for judgment on the pleadings (Doc. 90) is **denied**.

SO ORDERED this 29th day of October, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE