# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINE WRIGHT, as Special Administrator of the Estate of Lisa Salgado, deceased, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | Case No. 13-CV-315-JED-JFJ ) ) |
| STANLEY GLANZ, et al., | ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is the motion in limine (Doc. 260), in which the healthcare defendants (hereafter CHC) request that the Court exclude 29 separate categories of evidence. The Court has also considered plaintiff's response (Doc. 297) and CHC's reply (Doc. 308). The motion is **granted in part and denied in part**, and certain parts of the motion are determined to be moot, as follows.[1]

| Evidence CHC moves to exclude | Ruling |
|---|---|
| 1. CHC or jail policies and procedures | Motion denied. Policies and procedures may be relevant to the municipal liability analysis. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) |
| 2. Testimony regarding "code of silence" | Motion denied. The evidence may be relevant to deliberate indifference. |

---

[1] As to certain evidence that is the subject of hearsay objections by CHC, the Court is not in a position at this time, outside the context of trial evidence, to determine whether all or part of such evidence may be the subject of hearsay exceptions or may be defined as non-hearsay. Other categories of evidence are described too vaguely at this point to determine whether any such evidence may be admissible. Accordingly, evidentiary objections may be renewed as appropriate at trial.

| | |
|---|---|
| 3 and 20. Evidence of other cases against the defendants or related to other patients | Motion granted in part and denied in part. Similar medical outcomes and deaths at the jail *prior to* Ms. Salgado's death may be relevant to deliberate indifference, and the motion is denied as to such evidence. In contrast, the Court does not intend to re-try the Elliott Williams evidence, which relates to a death that occurred *after* Ms. Salgado died and would appear to be more prejudicial than probative as to Ms. Salgado's death. In addition, evidence about employment claims or other *lawsuits or trials* (as opposed to underlying evidence regarding jail medical care) will not be admitted unless the plaintiff's counsel requests permission from the Court, outside the presence of the jury, and is prepared to lay a proper foundation and overcome any evidentiary objections. |
| 4. References to "improper standards of care or causation" | Motion denied. The request is too vague to be determined at this time. |
| 5. NCCHC, ICE, DOJ, ACA, CRCL, ODHS, FBI audits or reports | Motion denied at this time. Certain audits or reports, or portions thereof, may be relevant to notice provided to the defendants of a deficient jail medical system or may be otherwise relevant to plaintiff's claims. Outside the context of trial, without knowing which witnesses would be questioned as to the documents or which parts of the documents would be introduced, the Court is unable to determine whether such reports contain inadmissible hearsay. |
| 6. AMS reports and testimony of Dr. Roemer | Motion denied at this time. The evidence appears in part to be relevant, and it is premature to determine the defendants' hearsay arguments outside of the context of trial. It appears that certain information from the report and Roemer's audit may be admissible, with appropriate redactions of |

2

|  | information relating to the time-frame after Ms. Salgado's death and redactions of identifying information (names or other identifying information) of other inmates. |
|---|---|
| 7. Mortality reviews | Motion is moot. The plaintiff represents that she has no intent to introduce any mortality reviews.[2] |
| 8. Evidence that CHC no longer provides healthcare at the jail | Motion granted to the extent that such evidence may not be admitted to prove culpability or negligence. See Fed. R. Evid. 407. |
| 9. Rumors about falsification / destruction of jail records | Motion denied. The Court expects that the parties will not attempt to present testimony of any fact witness where such testimony is not based upon the witness's personal knowledge. *See* Fed. R. Evid. 602 (fact witness may testify to a matter only if evidence sufficiently supports a finding that the witness has personal knowledge of the matter). However, it does not appear that the testimony regarding destruction or falsification of records is premised upon rumor. |
| 10. CHC healthcare provider employment records | Motion denied. The defendants' motion does not identify or provide any particular evidence or records. From the parties' descriptions, it appears that there may be some employment records that relate to the issue of defendants' knowledge of inadequate medical care being provided by CHC personnel prior to Ms. Salgado's death. Such records may be relevant to notice and a failure to abate such problems. |

---

[2] In light of the plaintiff's representation that she does not intend to introduce certain evidence, leading to the Court's findings of mootness in this Order, the plaintiff shall *not* introduce any such evidence at trial without first giving notice to the defense counsel and seeking advance approval of the Court, outside the hearing of the jury.

| | |
|---|---|
| 11. Criticisms not presented by expert testimony | Motion denied. Defendants' request to exclude "criticisms" is too vague, and they have not identified in their motion specific evidence they seek to exclude. Experts may not testify as to expert opinions that have not been previously disclosed in a report, but lay witnesses may generally offer evidence that is critical of the defendants so long as such testimony is appropriately premised upon personal knowledge relevant to the case. |
| 12 and 21. Testimony regarding lack or weakness of staffing or lack of funding | Motion denied. Such evidence may be relevant to deliberate indifference. |
| 13. OSBI or Sheriff reports | Motion denied. The Court will reserve ruling on objections to those documents until the time of trial, as they appear relevant and it is difficult, outside the context of trial, to determine whether any hearsay exceptions may apply. |
| 14. Evidence of indifference not identified in the complaint or by persons not named as defendants | Motion denied. |
| 15. Evidence of indifference of healthcare providers not specifically discussed by plaintiff's experts | Motion denied. |
| 16. Derogatory references to defendants | Motion denied. Plaintiff's counsel shall abide by the professional rules, including rules of this District Court. A vague pretrial ruling is unnecessary. |
| 17. Reference to fraud or destruction of records | Motion denied. |
| 18 and 19. Testimony regarding settlements or verdicts | Motion is moot. Plaintiff represents that she will not introduce such evidence at trial. |
| 22. Criticisms of the resuscitation effort | Motion is moot. Plaintiff represents that she will not introduce such evidence at trial. |

| | |
|---|---|
| 23. Evidence regarding Stanley Glanz's misdemeanor conviction | Motion denied at this time. Such evidence may be impeachment evidence if it involves a crime of dishonesty. *See Burke v. Glanz*, 935 F.3d 960, 1017 (10th Cir. 2019). |
| 24. Evidence related to Dr. Adusei | Motion granted. Dr. Adusei was not involved in the care and treatment of Ms. Salgado and was not working at the jail at the relevant time-frame. However, the Court recognizes that such evidence could be utilized for impeachment under limited circumstances, *see Burke*, 935 F.3d at 1024-25. To the extent that plaintiff's counsel believes such a door is opened during trial, counsel shall seek permission from the Court outside the hearing of the jury *prior* to referring to any such evidence in front of the jury. |
| 25. Tammy Harrington Affidavits | Plaintiff represents that she will offer Ms. Harrington by live testimony rather than by affidavit and her testimony would be based on personal information. Based upon those representations, the motion is moot. |
| 26. Evidence regarding Nursing Board investigation regarding Chris Rogers, RN | Motion granted. Plaintiff represents that she has no intention of introducing any such evidence. In their motion, the defendants indicate that plaintiff's expert nurse, Jacqueline Moore, opined that Rogers should be investigated by the Nursing Board, which opinion is irrelevant to any issue for the jury in this case and such evidence would appear to be more prejudicial than probative. |
| 27. Evidence regarding Medical Board or Nursing Board investigations or files that do not relate to Ms. Salgado and may have been initiated after Ms. Salgado's death | Motion granted. |

| 28. Dr. Washburn's prior 1996 bankruptcy | Motion granted. |
|---|---|
| 29. Adoption of Sheriffs' motion in limine | The Sheriffs have filed their own limine motion, which will be addressed by a separate order. Any rulings as to the Sheriffs' motion will be applicable at any trial of claims against CHC. |

SO ORDERED this 21st day of May, 2020.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT