IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH YOUNG, as Personal Representative of the Estate of Gwendolyn Young, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL HEALTHCARE COMPANIES, INC.,<br><br>Defendant. | Case No.: 13-CV-315-IDJ-JFJ |

## **PLAINTIFF'S *THIRD* BENCH BRIEF**

**COMES NOW** Plaintiff, Deborah Young ("Plaintiff"), as the Personal Representative of the Estate of Gwendolyn Young ("Ms. Young"), deceased, and respectfully submits her *Third* Bench Brief as follows:

On the afternoon of February 16, 2023, during the trial proceedings in this matter, Plaintiff's counsel, Daniel Smolen, prompted trial tech Charlie Black ("Mr. Black") to publish page 16 of Plaintiff's Exhibit 44, which had already been admitted into evidence. *See* Tr. (2/16/23, PM) at 730:11-13. Mr. Black inadvertently pulled up Plaintiff's Exhibit 16, making it briefly visible to the jury. *See, e.g.,* Black Declaration (Ex. A). Mr. Black immediately recognized the mistake and took Exhibit 16 down from the display. *Id.* Mr. Black declares that Exhibit 16 was published to the jury for "less than one second." *Id.* During a sidebar, the Court noted its "best estimate" that Exhibit 16 "may have" been visible to the jury for "two seconds." *See* Tr. (2/16/23, PM) at 732:3-9.

Plaintiff's Exhibit 16 is an insurance declaration page that had not been admitted into evidence.[1] Seizing on the opportunity, counsel for CHC moved for a mistrial. The Court initially, and correctly, denied the motion for mistrial. *See* Tr. (2/16/23, PM) at 734:16-17. Since that initial ruling, the Court reversed course and has kept the matter under advisement. The motion should be denied once and for all as the inadvertent -- and extremely brief -- publication of Exhibit 16 provides no basis for mistrial as a matter of binding Tenth Circuit law.

It is well established in this Circuit that "'[i]nadvertent references to insurance … are not generally grounds for mistrial or reversal.'" *Burke v. Regalado,* 935 F.3d 960, 1021 (10th Cir. 2019) (quoting *Rios v. Bigler,* 67 F.3d 1543, 1550 (10th Cir. 1995)). A mistrial is only warranted where "'*counsel's comments were … a deliberate strategic choice to try to influence and enhance damages by referencing an impersonal deep-pocket insurer.*'" *Burke,* 935 F.3d at 1021 (quoting *Ventura v. Kyle,* 825 F.3d 876, 885

---

[1] Plaintiff marked the declaration page as an Exhibit for possible relevance to the issue of punitive damages. Rule 411 of the Federal Rules of Evidence states that: "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. **But the court may admit this evidence for another purpose….**" (emphasis added). Several courts, and other authorities, have recognized that FRE 411 does not prohibit the use of insurance evidence where it is relevant to the issue of damages or punitive damages. *See, e.g., Valdes v. Miami-Dade Cnty.,* No. 12-22426-CIV, 2015 WL 7253045, at *13 (S.D. Fla. Nov. 17, 2015) ("The existence or non-existence of insurance coverage would certainly have an impact on the defendants' finances and on the deterrent effect of any award of punitive damages"); *Larez v. Holcomb,* 16 F.3d 1513, 1524 n. 3 (9th Cir.1994) (concurring in part and dissenting in part); *Pinkham v. Burgess,* 933 F.2d 1066, 1072 (1st Cir.1991); *DSC Commc'ns Corp. v. Next Level Commc'ns,* 929 F. Supp. 239, 247 (E.D. Tex. 1996); 23 CHARLES A. WRIGHT & KENNETH W. GRAHAM, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 5364 ("Finally, Rule 411 does not prohibit the use of evidence of insurance where it is relevant to the issue of damages or punitive damages…. This was also the rule at common law."). In any event, Plaintiff has not moved for the admission of Exhibit 16. Plaintiff's counsel has made no reference to Exhibit 16, specifically, nor to "insurance", generally, during the trial of this matter. Plaintiff is aware of no authority which stands for the proposition that merely marking an insurance document as an exhibit, without urging its admission into evidence, constitutes sanctionable misconduct. ***Clearly, the mere designation of the declaration page as "Exhibit 16", without more, provides no grounds for <u>any</u> sanction, let alone the drastic measure of a mistrial.***

(8th Cir. 2016) (describing repeated efforts to introduce evidence of insurance at trial and reference to insurance in closing argument)) (emphasis added).

Here, counsel for Plaintiff has made ***no comment at all*** -- in the presence of the jury -- regarding insurance, and certainly no comment that was a "deliberate strategic choice to try to influence and enhance damages…." Plaintiff has not made repeated efforts to introduce evidence of insurance. Indeed, Plaintiff has not made any efforts to introduce evidence of insurance.

The brief flashing of Exhibit 16 on the screens in the courtroom was the result of a simple mistake. As Mr. Black explains in his Declaration:

> My intent was to pull up page 16 of Exhibit 44, just as Mr. Smolen requested. However, unfortunately, I keyed it in improperly and displayed the wrong document, Plaintiff's Exhibit 16.
>
> …Exhibit 16, which is an insurance declaration page, had not been admitted into evidence. I would never intentionally pull up any document that was not admitted. It was simply an accident.
>
> The reason for this accident can be attributed to a new feature with my trial software program that automatically pulls up the document when you type in the ID, and in this mode, it also allows me to do off screen annotations. This feature is why Exhibit 16 came up so quickly, and fortunately I immediately pulled the document off the screen.
>
> To make sure an accident like this doesn't happen again, I turned that feature off when I am searching for exhibits.

Black Declaration (Ex. A). Moreover, this Court has recognized that there was "[n]o intent" in the short publication of Exhibit 16. Tr. (2/16/23, PM) at 733:1-13.

The motion for mistrial should be summarily denied forthwith.

Respectfully submitted,

s/Robert M. Blakemore
Robert M. Blakemore, OBA #18656
bobblakemore@ssrok.com
Daniel Smolen, OBA #19943
danielsmolen@ssrok.com
Bryon Helm, OBA #33003

bryonhelm@ssrok.com
SMOLEN & ROYTMAN
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 585-2669

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

s/Robert M. Blakemore