IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH YOUNG, as Special Administrator of the Estate of Gwendolyn Young, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTIONAL HEALTHCARE COMPANIES, INC., and ANDREW ADUSEI, M.D.,<br><br>    Defendants. | Case No. 13-CV-315-IDJ-JFJ |

**DEFENDANT CORRECTIONAL HEALTHCARE COMPANIES, INC.'S
RESPONSE TO PLAINTIFF'S SECOND BENCH BRIEF**

COMES NOW Defendant Correctional Healthcare Companies, Inc., (hereinafter "CHC") and hereby respectfully submits its Response to Plaintiff's Second Bench Brief. In support of this Response, CHC offers the following brief.

**I. The Insurance Policy does not cover punitive damages and Policy limits have been exhausted.**

Plaintiff has alleged that the insurance policy is relevant to demonstrate the financial condition of CHC in regards to punitive damages. However, the insurance policy does not cover punitive or exemplary damages, fines, or penalties.[1] The insurer would not be issuing any payments under the policy to cover any part of an award of punitive damages. The insurance policy is not relevant for purposes of any award of damages, and not relevant to show the financial condition of CHC. Furthermore, Plaintiff has no evidence nor persuasive law that suggests insurance policies can be used to demonstrate the financial condition of CHC for purposes of punitive damages.

---

[1] CHC will produce pertinent copies of the policy for in camera review, if required.

Additionally, policy limits have been exhausted. Even if such damages were covered under the policy, the insured has reached its limits. The insurance policy is not relevant to show CHC's financial condition. Plaintiff's single argument is that the policy goes to the financial condition of CHC, however, the policy is not relevant as punitive damages are not covered under the policy and even if they were, policy limits have been exhausted. Juries are allowed to "assess punitive damages in appropriate circumstances against the offending official, based on his personal financial resources." *Newport v. Fact Concerts*, 453 U.S. 247, 269, 101 S. Ct. 2748, 2761 (1981). The insurance policy is not a financial resource for CHC in regards to punitive damages, as such are not covered.

## II.     Public policy forbids contracts insuring against punitive damage awards.

Even if punitive damages were covered in the policy and policy limits were not exhausted, Oklahoma courts adhere to the view that public policy ***prohibits*** liability insurance coverage of punitive damages except where the party seeking the benefit of insurance coverage has been held liable for punitive damages solely due to conduct of another, under principles of vicarious liability[2]." *Progressive Direct Ins. Co. v. Pope*, 2022 OK 4, ¶ 25, 507 P.3d 688, 697 (emphasis added); *See also Magnum Foods Inc. v. Cont'l Cas. Co.*, 36 F.3d 1491, 1504 (10th Cir. 1994) (citing *Dayton Hudson Corp. v. American Mut. Liability Ins. Co.*, 1980 OK 193, 621 P.2d 1155, 1156, 16 A.L.R.4th 1; *Aetna Cas. & Sur. Co. v. Craig*, 1989 OK 43, 771 P.2d 212, 215 ("when the insured/employer is party to or acquiesces in, the wrongful acts, liability insurance will not protect it against awards of punitive damages because of his, the insured's,

---

[2] Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006); *See also Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) "[T]here is no concept of strict supervisor liability under § 1983."; *see also Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) ("Liability . . . must be based upon more than a mere right to control employees.").

'positive wrongdoing.'"); *Oliver v. Producers Gas Co.*, 1990 OK CIV APP 28, 798 P.2d 1090 (holding that insurance policy proceeds received from tortfeasor could not be applied to punitive damages).

This Court has recognized for more than one-hundred years that an insurer and insured are free to agree to a policy's provisions and how they are construed, provided such agreement does not conflict with public policy. *Hensley v. State Farm Fire & Cas. Co.*, 2017 OK 57, ¶ 32, 398 P.3d 11, 22. By allowing one to insure against such awards, the burden is shifted from the wrongdoer to the otherwise innocent insurer. Ultimately, of course, the burden is then passed to the consuming public in the form of higher insurance rates, generally. *Aetna Cas. & Sur. Co. v. Craig*, 1989 OK 43, ¶ 9, 771 P.2d 212, 214-15.

As noted above, liability insurance coverage for punitive damages is against public policy. If there was such a provision, in the policy at issue, payment of punitive damages under insurance coverage contravenes the public policy of the State of Oklahoma. Therefore, Plaintiff should be prohibited from using the insurance policy to demonstrate CHC's financial condition, as the insurer would not be able to issue payments under the policy to cover any amount of an award of punitive damages.

Respectfully submitted,

s/ Sean P. Snider
Sean P. Snider, OBA # 22307
Alexander Vosler, OBA # 19589
Anthony C. Winter, OBA # 32148
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105

          E-Mail: ssnider@johnsonhanan.com
          E-Mail: avosler@johnsonhanan.com
          E-Mail: awinter@johnsonhanan.com
          *Attorneys for Defendants*

### **Certificate of service**

I hereby certify that on 22nd day of February 2023, I electronically transmitted the forging document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

*s/ Sean P. Snider*
Sean P. Snider