## CLOSE OF EVIDENCE INSTRUCTION

Members of the jury, now that you have heard the evidence, it is my duty to instruct you as to the applicable law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence. This is your job, and yours alone.

Your second duty is to follow the law as stated in these instructions and to apply it to the facts as you find them from the evidence. These instructions contain all the law that may be applied by you and the rules by which you should weigh the evidence and determine the facts in issue.

You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, you must follow the law as I instruct you.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion influence you.

In this case, Defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Nothing I say in these instructions is to be taken as an indication that I have an opinion about the facts of the case. It is not my function to determine the facts, but rather yours.

In this case, Ms. Gwendolyn Young is the decedent. Plaintiff is Ms. Young's daughter—Ms. Deborah Powell-Young. Plaintiff is the representative of Ms. Young's estate. Defendant is Correctional Healthcare Companies.

## BURDEN OF PROOF

In these instructions you are told that your verdict depends on whether you find certain facts have been proved by a preponderance or greater weight of the evidence. So, when these instructions use the phrase "by a preponderance of the evidence" or "if you find", it simply means that you are persuaded that something is more likely true than not true. This is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, you cannot decide whether a fact is more likely true than not true, you cannot find that it has been proven.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

A party who seeks to recover on a claim has the burden to prove all the elements of the claim. In deciding whether a party has met the burden of proof, you are to consider all the evidence, regardless of which party offered the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

## EVIDENCE IN THE CASE

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of any witness, including deposition testimony;

2. The exhibits that have been received into evidence;

3. Any stipulations entered into between the parties; and

4. Any fact that I have taken judicial notice of.

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements or in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony or exhibits that the Court has excluded or told you to disregard are not evidence and must not be considered. During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore any answers and questions as to which I sustained an objection. Do not speculate about what a witness might have said or what an exhibit might have shown.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at trial. Also, you should not assume from anything I might have said that I have any opinion concerning any of the issues in this case.

## DIRECT, INDIRECT AND CIRCUMSTANTIAL EVIDENCE

It is your duty to determine the facts, and in so doing you must consider only the evidence in this case. But you may draw reasonable inferences from the testimony, stipulations, and exhibits as you feel are justified in the light of common experience.  An inference is a deduction or conclusion that you draw from other facts using reason or common sense.  The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of any eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

# EVALUATION OF WITNESS TESTIMONY

## CREDIBILITY OF WITNESSES

Although you must consider all of the evidence, this does not mean that you must accept all of the evidence as true or accurate or give all the evidence the same weight. You are the sole judges of the credibility or believability of each witness and the weight to be given to each witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.

You should think about the testimony of each witness you have heard and decide whether you believe all, or any part, or none of what each witness had to say, and how important that testimony was. In making that decision, consider the opportunity each witness had to see or hear the things testified about, a witness's memory and intelligence, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, the extent to which the testimony is consistent with any other evidence that you believe, any motive a witness may have for testifying a certain way, including any bias, prejudice, or interest, and any other facts that you find to have affected the believability of the witness.

## IMPEACHMENT/CONTRADICTORY STATEMENTS

A witness may be discredited or "impeached" by evidence that at some time the witness said or did something, or has failed to say or do something, that is inconsistent with the witness's present testimony, or with prior sworn testimony, or by a showing that the witness testified falsely concerning an important matter. If you believe a witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such weight, if any, as you may think it deserves.

## LAW ENFORCEMENT AND JAIL OFFICER WITNESSES

You have heard the testimony of current and former law enforcement and jail officers. The fact that witnesses may be employed as a law enforcement or jail officer does not mean that their testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement or jail officer witness and to give to that testimony whatever weight, if any, you find it deserves.

## OPINION WITNESSES

During the trial, you heard the testimony of witnesses, who expressed certain opinions.   In cases like this, scientific, technical, medical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has this type of knowledge, skill, experience, training, or education may testify and state opinions concerning those matters.

You are not required to accept these opinions.  You should consider opinion testimony the same way you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinions, and the other evidence at trial.

## NO SPECULATION

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

## LAWYER MEETING WITH WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## NOTE-TAKING

Any notes you have taken during trial are only aids to your memory. The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## NO INFERENCE FROM JUDGE'S QUESTIONS AND STATEMENTS

During this trial, I have asked witnesses questions myself and made statements.  Do not assume that because I asked questions and made statements I hold any opinion on the matters I asked about, any statements I have made, or on what the outcome of the case should be.

12

## PLAINTIFF'S CLAIM

Plaintiff claims that Defendant violated Ms. Young's Constitutional right to receive adequate medical care.

## ELEMENTS, DEFINITIONS, AND POLICIES

Two ways exist to prove that a defendant violated a plaintiff's Constitutional right to receive adequate medical care.

First, (a) a defendant's employee or agent violated a plaintiff's Constitutional right to receive adequate medical care by acting with "deliberate indifference"; and (b) a defendant's "custom, policy, or practice" was a "moving force" for the violation.

Second, and alternatively, (a) no specific employee or agent violated a plaintiff's Constitutional right to receive adequate medical care, but instead there were such gross deficiencies in medications or procedures resulting in an inmate being effectively denied access to adequate medical care; and (b) a defendant's "custom, policy, or practice" was a "moving force" for the violation.

I will define these three terms now.

"Deliberate indifference" means a knowing disregard of an excessive risk to an inmate's health or safety, including preventing an inmate from receiving treatment or denying an inmate's access to those able to evaluate the need for medical care.  Knowledge may be inferred from circumstantial evidence, including the following examples:
- obviousness of the risk,
- the delay in providing medical treatment that causes pain or a worsening of the inmate's condition, or
- the continuation of a course of treatment that the medical professional knows to be ineffective.

But a mistake is not a knowing disregard of an excessive risk.  A medical provider's actions or inactions falling below the standard of care as well as a violation of a state statute, jail policy, or contract provision, may be evidence of deliberate indifference, but alone are not sufficient.

A "custom, policy, or practice" means (1) an informal custom amounting to a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, despite

not being authorized by written law or express policy; or (2) the decisions of employees with final policymaking authority.

"Moving force" means that the custom, policy, or practice set in motion a series of events that a defendant knew or reasonably should have known would directly cause the violation.

In this case, Plaintiff alleges Defendant had the following customs, policies, or practices.

- A systemic failure of medical policies and procedures;
- A pattern of failures to provide medical care in response to serious and obvious medical needs of inmates
- Failing to provide adequate training and supervision regarding emergent medical conditions;
- Continuing to adhere to a deficient system of care for inmates with serious medical needs;
- A pattern of failures to provide inmates with sufficient access to a physician; and
- A pattern of failures to send inmates with obvious and emergent needs to the hospital.

Plaintiff alleges her claim has been proven in both ways, but she only needs to meet the requirements of one way to prove her claim.

15

## FIRST WAY OF PROVING CLAIM

Plaintiff alleges that Dr. Andrew Adusei, Nurse Nicole White, and Nurse Karen Metcalf violated Ms. Young's Constitutional right to receive adequate medical care by acting with deliberate indifference to her serious medical needs and that Defendant's custom, policy, or practice was a moving force for the violation of Ms. Young's right to receive adequate medical care.

To find that Plaintiff has proven her claim by a preponderance of the evidence in this way, each of the following three questions must be answered in the affirmative.

1. Did any of the following individuals violate Ms. Young's Constitutional right to adequate medical care by acting with deliberate indifference to her serious medical needs: Dr. Andrew Adusei, Nurse Nicole White, or Nurse Karen Metcalf?

   _____ Yes                    _____ No

2. Was Defendant responsible for any of the alleged customs, policies, or practices:

- A systemic failure of medical policies and procedures;
- A pattern of failures to provide medical care in response to serious and obvious medical needs of inmates
- Failing to provide adequate training and supervision regarding emergent medical conditions;
- Continuing to adhere to a deficient system of care for inmates with serious medical needs;
- A pattern of failures to provide inmates with sufficient access to a physician; or
- A pattern of failures to send inmates with obvious and emergent needs to the hospital?

   _____ Yes                    _____ No

16

3. Was any of these alleged customs, policies, or practices a moving force behind one of the individual's violation of Ms. Young's Constitutional right to adequate medical care?

\_\_\_\_\_ Yes                              \_\_\_\_\_ No

If you have answered the 3 foregoing questions affirmatively, then you must find in favor of Plaintiff on her claim and indicate that finding on the verdict form.  You must then consider whether Plaintiff proved her claim the second way.

If you have not answered the 3 foregoing questions affirmatively, you must consider whether Plaintiff has proven her claim in the second way.

## SECOND WAY OF PROVING CLAIM

Plaintiff alleges Defendant violated Ms. Young's Constitutional right to receive adequate medical care by maintaining gross deficiencies in medication or procedures that effectively denied Ms. Young access to medical care, and that Defendant's alleged customs, policies, or practices were a moving force for the violation.

To find that Plaintiff has proven her claim by a preponderance of the evidence in this way, each of the following three questions must be answered in the affirmative.

1. Was Ms. Young's Constitutional right to receive adequate medical care violated by these gross deficiencies?

\_\_\_\_\_ Yes                    \_\_\_\_\_ No


2. Was Defendant responsible for any of the alleged customs, policies, or practices:

- A systemic failure of medical policies and procedures;
- A pattern of failures to provide medical care in response to serious and obvious medical needs of inmates
- Failing to provide adequate training and supervision regarding emergent medical conditions;
- Continuing to adhere to a deficient system of care for inmates with serious medical needs;
- A pattern of failures to provide inmates with sufficient access to a physician; or
- A pattern of failures to send inmates with obvious and emergent needs to the hospital?

\_\_\_\_\_ Yes                    \_\_\_\_\_ No

18

3. Was any of these alleged customs, policies, or practices a moving force behind the violation of Ms. Young's Constitutional right to adequate medical care?

_____ Yes                              _____ No

If you have answered the 3 foregoing questions affirmatively, then you must find in favor of Plaintiff on her claim and indicate that finding on the verdict form.

If you have not answered the 3 foregoing questions affirmatively, and you have not answered the 3 foregoing questions under the first way in the affirmative, then you must find in favor of Defendant on her claim and indicate that finding on the verdict form.

19

## DAMAGES

If you find that Plaintiff has proven her claim in either way against Defendant, you must then decide whether to award damages. The amount of damages, whether compensatory or punitive, if any, must be unanimous. You should not reach the issue of damages unless you find that the Plaintiff has established Defendant's liability.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other.

## COMPENSATORY DAMAGES

If you find that Plaintiff has not proven her claim, your verdict must be in favor of Defendant.  However, if you find that Plaintiff has proven her claim, then you must award damages that you think will justly and fairly compensate for any injury you find was caused of Defendant's violation of Ms. Young's Constitutional right.  These damages are called compensatory damages.  Plaintiff must prove compensatory damages by a preponderance of the evidence.

Compensatory damages are awarded for Ms. Young's physical and mental pain before death, loss of life, and loss of familial relationships.

An award of compensatory damages must be based on evidence and not on sympathy, speculation, or guesswork.  No evidence of the dollar value of physical pain, mental or emotional pain and suffering, or loss of life needs to be introduced.

## PUNITIVE DAMAGES

If you find Plaintiff has proven her claim, you may—but are not required to—assess punitive damages against Defendant.  The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to a defendant or others not to engage in similar conduct in the future.

You may award punitive damages only if you find, by a preponderance of the evidence, that Defendant's conduct involved reckless or callous indifference to Ms. Young's Constitutional right. "Reckless or callous indifference" means acting in the face of and contrary to a perceived risk that one's actions violated a Constitutional right.

If you find punitive damages are appropriate, then you must use sound reason in determining the amount of punitive damages.  The amount of punitive damages must fulfill the purposes of punitive damages and should not reflect bias, prejudice, or sympathy toward either party.  In determining the amount of punitive damages, you may consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Ms. Young;
- the relationship between Defendant and Ms. Young;
- the likelihood Defendant would repeat the conduct if punitive damages were not awarded;
- Defendant's financial condition; and
- the relationship between any award of punitive damages and the total amount of actual harm Ms. Young suffered.

22

## SELECTION OF PRESIDING JUROR; VERDICT FORMS

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if the presiding juror is unwilling to do so, then by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond verbally.

If you communicate with me, you should *not* indicate in your note what your numerical division is, if any.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

Deborah Young, as Personal Representative
of the Estate of Gwendolyn Young, deceased,

     Plaintiff,

v.

Correctional Healthcare Companies, Inc.,

     Defendant.

## **VERDICT**

As to Plaintiff's claim that Defendant violated Ms. Young's Constitutional right to adequate medical care, we find the in favor of the following party.

\_\_\_\_\_ Plaintiff                  \_\_\_\_\_ Defendant

(If the jury finds for Defendant and against Plaintiff, proceed to the following page, sign, and date the form. Do *not* proceed with damages. If the jury finds for Plaintiff and against Defendant, proceed to the two damages questions below, indicating what if any damages are awarded, and then sign and date the form on the following page.)

On finding in favor of Plaintiff's claim, we award compensatory damages in the amount of $_____.

On finding in favor of Plaintiff's claim, we award punitive damages in the amount of $_____.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
Foreperson

Dated:_____