## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH YOUNG, as Personal Representative of the Estate of Gwendolyn Young, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL HEALTHCARE COMPANIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 13-CV-315-IDJ-JFJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **NOTICE**

**COMES NOW** Plaintiff, Deborah Young ("Plaintiff"), as the Personal Representative of the Estate of Gwendolyn Young ("Ms. Young"), deceased, and respectfully submits the following Notice to the Court Regarding the Parties' availability for a telephone status conference (*See* Dkt. #708), as follows:

1. On February 28, 2023, the Court entered a Minute Order announcing its intent to hold a telephonic status conference with counsel and the parties. *See* Dkt. #708. The Court specifically noted that by "parties", it means "Ms. Young-Powell and at least three board members of Wellpath." *Id.* Lastly, the Court directed counsel to "confer and propose 3 dates and times that are mutually convenient for" the parties. *Id.*

2. On the morning of March 2, 2023, the undersigned provided counsel for Defendant with dates of Plaintiff's (and her counsel's) availability for the telephonic status conference. The undersigned further requested mutually agreeable dates on which Defendant's counsel "(and three Wellpath board members) are available…."

3. Rather than reply to Plaintiff's simple request, on the afternoon of March 3, 2023, Defendant filed a Motion to Clarify the February 28 Minute Order. *See* Dkt. #714. This Motion

to Clarify has created confusion as to whether Wellpath board members will participate, as ordered by the Court, in any telephonic status conference. Particularly, in the Motion to Clarify, Defendant states that "[j]urisdiction [of this Court] does not extend to entities with the name Wellpath or to the parent company of Defendant CHC, Jessamine Healthcare, Inc." *Id.*

4. Approximately one hour after the Motion to Clarify was filed, this Court entered another Minute Order, pertinently stating:

> For two weeks, counsel for Defendant repeatedly represented to the Court that Wellpath purchased CHC. (The Court takes counsel at their word.) Obviously, CHC did business in the Northern District of Oklahoma. Then within the last few months Wellpath--perhaps that is the name under which Jessamine Healthcare, Inc. does business--paid for and sent it[s] own attorneys to represent it in this case before this Court on a matter pending in the Northern District of Oklahoma, both for a settlement conference and for trial. A corporate representative was even physically present. And a corporate disclosure was filed. … These actions more than meet the Constitutional requirements of minimum contacts with the Northern District of Oklahoma. And it is way too late in the process to start asserting lack of personal jurisdiction because even assuming there were a personal jurisdiction issue, that issue has long been waived. … This Court has personal jurisdiction over Jessamine Healthcare, Inc. and/or Wellpath. So, it has the authority to require its board members to appear and participate in a status. Having said all that, to answer the question in the filing, the appearance of three board members of Jessamine Healthcare, Inc. present at the status [conference] is acceptable, ***assuming that is the entity counsel repeatedly referred to as Wellpath.*** The Court sincerely hopes that this filing is not a harbinger of things to come.

Dkt. #715 (emphasis added).

5. Around thirty (30) minutes after the Court entered its March 3 Minute Order, counsel for Defendant replied to the undersigned, via email: "We and board members are available on the following dates and times:

>> March 21st:  3:00 to 5:00 pm
>>
>> March 22nd:  4:00 to 5:00 pm
>>
>> March 24th: 11:00 to 12:00, 2:00 to 5:00 pm."[1]

---

[1] These dates and times are agreeable to Plaintiff and her counsel.

6. Based on the Court's March 3 Minute Order, the undersigned takes the above-quoted reply to mean that counsel for Defendant and three (3) **Wellpath** board members are available for the telephonic status conference on those dates and times.

7. However, in an effort to erase any lingering ambiguity as to counsel for Defendant's intent, counsel for Plaintiff has twice asked for confirmation that three (3) members of Wellpath's Board of Directors will participate in the telephonic status conference. As of the time of this filing, no such confirmation has been provided.

Respectfully submitted,

s/Robert M. Blakemore
Robert M. Blakemore, OBA #18656
bobblakemore@ssrok.com
Daniel Smolen, OBA #19943
danielsmolen@ssrok.com
Bryon Helm, OBA #33003
bryonhelm@ssrok.com
SMOLEN & ROYTMAN
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 585-2669

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/Robert M. Blakemore