IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH YOUNG,<br>as Special Administrator of the Estate of<br>GWENDOLYN YOUNG, deceased<br><br>    Plaintiffs,<br><br>v.<br><br>CORRECTIONAL HEALTHCARE<br>COMPANIES, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 13-CV-315-IDJ-JFJ<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIFTH BENCH BRIEF

**COMES NOW** the Plaintiff, Deborah Young ("Plaintiff"), as Special Administrator of the Estate of Gwendolyn Young ("Ms. Young"), and respectfully submits the following pertinent to the upcoming March 24, 2023 telephonic status conference:

### Procedural Background

On February 24, 2023, at the conclusion of trial, the jury unanimously found in favor of Plaintiff and awarded her $14,000,000 in compensatory damages and $68,000,000 in punitive damages. *See* Dkt. #707. On February 28, 2023, this Court entered a Minute Order announcing a telephonic status conference with counsel and the parties. *See* Dkt. #708. The Court specified that "parties" meant "Ms. Young-Powell and at least three board members of Wellpath." *Id.* On March 3, 2023, Defendant filed a "Request for Clarification of Minute Order ECF 708." *See* Dkt. #714. Defendant stated, in part:

> Jurisdiction does not extend to entities with the name Wellpath or to the parent company of Defendant CHC, Jessamine Healthcare, Inc…However, Defendant CHC will make three board members of Jessamine Healthcare, Inc., available to attend the upcoming status conference, without conceding the Court's jurisdiction over any entity not a party to this case.

1

Dkt. #714. Defendant also referenced its February 21, 2023 Corporate Disclosure Statement (Dkt. #689), in which it stated:

> Correctional Healthcare Companies, LLC, f/k/a Correctional Healthcare Companies, Inc. is wholly owned by CHC Companies, LLC, a Delaware limited liability company, which is wholly owned by Correctional Healthcare Holding Company, LLC, a Delaware limited liability company, which is wholly owned by Jessamine Healthcare, Inc., a Delaware corporation.

Dkt. #714 at 1, n.1.

Later on March 3, the Court entered a Minute Order in response to Defendant's "Request for Clarification." *See* Dkt. #715. The March 3 Minute Order correctly noted that "[f]or two weeks, counsel for Defendant repeatedly represented to the Court that Wellpath purchased CHC…Obviously CHC did business in the Northern District of Oklahoma." *Id.* The Court further observed that Wellpath paid for and sent its own attorneys to represent it, both for a settlement conference and trial, and a Wellpath corporate representative was even physically present.[1] *Id.* The Court concluded that: 1) Wellpath/Jessamine's actions more than meet the Constitutional requirements for minimum contacts within this District; 2) even if there were a personal jurisdiction issue, it has been waived; 3) the Court has personal jurisdiction over Jessamine/Wellpath; and 4) the Court has authority to require Wellpath's board members to appear for a telephonic status conference. *Id.* Finally, the Court stated that the appearance of three board members of Jessamine at the status conference was acceptable, "assuming that is the entity counsel repeatedly referred to as Wellpath." *Id.*

---

[1] Defendant's corporate representative, Jamie Vaz, advertised on her LinkedIn profile, as of March 3, 2023, that she was the "Director, Clinical Risk Management at Wellpath" and had been with Wellpath for seven years, seven months. *See* Jamie Vaz LinkedIn (Ex. 1).

In further support of this Court's March 3, 2023 Minute Order, Plaintiff respectfully advises the Court of additional facts regarding the Wellpath corporate structure.[2]

### Wellpath Corporate Structure

Wellpath has repeatedly blurred the corporate lines between itself, Jessamine and CHC, when maintaining a loose corporate structure benefits Wellpath. In doing so, Wellpath and CHC have waived any assertion that they should be treated as separate entities. As the Fifth Circuit Court of Appeals recently noted, based on testimony from a Wellpath executive:

> CHC, formerly CCS, is now known as "Wellpath." A Wellpath executive explained: "Wellpath was formerly known as Correct Care Solutions, LLC, which was formerly known as Correctional Healthcare Companies, LLC." ***Accordingly, we treat references to Wellpath, CCS, and CHC as referring to the same entity.***

*Sanchez v. Oliver*, 995 F.3d 461, 467 n.1 (5th Cir. 2021) (emphasis added). *See also,* Affidavit of Dawn Ducote (Ex. 2). In her affidavit submitted to the United States District Court for the Western District of Texas, in the *Sanchez* case, Ms. Ducote identified herself as the "Director of Continuous Quality Improvement for Wellpath." Affidavit of Dawn Ducote (Ex. 2) at ¶ 2. In a footnote to paragraph 2 of her affidavit, Ms. Ducote noted that "Wellpath was formerly known as Correct Care Solutions, LLC, which was formerly known as Correctional Healthcare Companies, LLC." *Id.* at n.1. In *Sanchez,* Ms. Ducote's affidavit was in support of CHC's argument that certain records related to patient care were privileged and protected from production. *Id.* at ¶¶ 3-21. She asserted, in the affidavit, that since CHC/CCS/Wellpath are the same entity, they should be protected by certain provisions of the Patient Safety and Quality Improvement Act of 2005 ("PSQUIA") that give certain internal reports, such as morbidity and mortality reviews,

---

[2]   The "Wellpath" issue has already been clearly and decisively addressed by the Court. Plaintiff asserts that no additional time, during the March 24 teleconference, should be spent on the matter. Plaintiff provides the information in this Brief only as additional support for the Court's existing ruling in the event that the issue is again discussed or argued.

protection from production in discovery. *Id.* In other words, Wellpath and CHC asserted, in another federal jurisdiction, that they are same entity in order to shield documents from production and reap the benefit of a statutory privilege.

Further lending credence to the position that Wellpath, CCS, and CHC are the same entity is the fact that Wellpath executives routinely sign legal documents, such as contracts, on behalf of CHC. *See* Agenda Item Summary (Ex. 3) at 2-3; Wellpath Leadership Team (Ex. 4). As shown by the aforementioned exhibits, Wellpath COO Cindy Watson signed a contract between CHC and the County of Clallam, Washington on behalf of CHC. *Id.* Additionally, as indicated by Wellpath LLC's 2023 Foreign Limited Liability Company Annual Report, Wellpath LLC is a member of Jessamine Healthcare, Inc. and Wellpath Group Holdings, LLC, and all three entities have the same corporate address, 3340 Perimeter Hill Road, Nashville, TN 37211. *See* Wellpath 2023 Annual Report (Ex. 5).

Respectfully,

/s/ Robert M. Blakemore
Daniel Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 585-2669

***Attorneys for Plaintiff***

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/ Robert M. Blakemore