## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOUNG, *et al.*, )<br>  Plaintiffs, )<br> )<br>v. )<br> )<br>GLANZ, *et al.*, )<br>  Defendants. ) | No. 13 CV 315<br>Judge Iain D. Johnston |

## ORDER

The Court has entered judgment today. In doing so, the Court considered Defendant's request that it delay entry of the judgment. (Rule 6 prohibits the Court from extending the time to file post-judgment motions. Fed. R. Civ. P. 6(b)(2).) In its discretion, the Court will not delay entry of judgment. This case is a decade old. The jury returned a verdict over a month ago. Plaintiff has waited long enough. The Court was informed that—incredibly—there was no discussion whatsoever by Defendant as to settlement, so the Court is unsure what has been occurring for the last 30 days. The fact that at no time in the month after an $82 million verdict was entered against Defendant did nobody on the defense side discuss settlement is inconceivable—and the Court knows what that word means.

In anticipation of post-trial motions, including a petition for attorneys' fees and a motion for new trial (among others), please keep in mind those matters the Court discussed during the March 24, 2023, status. This includes, but is not limited to, a petition for reasonable attorneys' fees. At this point, the Court knows of no reason why reasonable attorneys' fees would not be recoverable. But fees must be reasonable. Attorney fee petitions are no time to become gluttonous. *See Ustrak v. Fariman*, 851 F.2d 983, 987-88 (7th Cir. 1988) ("fee petitions are marvels of misplaced ingenuity and thoroughness. . . reinforcing our impression that lawyers litigate fee issues with greater energy and enthusiasm than they litigate any other type of issue."). And don't make the fee litigation any more painful than it needs to be. Like probably most, this Court is not fond of fee litigation. *See DR Distribs., LLC v. 21 Century Smoking, Inc.*, 2022 U.S. Dist. LEXIS 163697, at *1 (N.D. Ill. Oct. 6, 2022) ("If Dante were a judge, he would have placed fee litigation as an inner circle of hell."); *Yost v. Carroll*, 2022 U.S. Dist. LEXIS 192350, at *2 (N.D. Ill. Oct. 21, 2022). Defendant should also be cognizant of the fact that if it loses fee petition battles, it will only increase the fee award because plaintiffs are entitled to seek fees for litigating fee petitions. *See Nieto v. Kapoor*, 2001 U.S. Dist. LEXIS 27600, at *42 (D.N.M. June 12, 2001) *citing Love v. Mayor, Cit of Cheyenne, Wyo.*, 620 F.2d 235, 237 (10th Cir. 1980). As to any motion for a mistrial, Defendant should argue whatever issues it believes are most important for the Court to consider. But, in doing so, it would behoove Defendant to give considerable attention to the weight of the evidence factor, as that is a major—albeit not dispositive—issue as the Court currently sees things. *See Osterhout v. Bd. of Cty. Comm'rs*, 10 F.4th 978, 991-92 (10th Cir. 2021).

Finally, during the March 24, 2023, status hearing prejudgment interest was mentioned. The Court questions the propriety of awarding prejudgment interest for non-economic damages, including punitive damages. *See, e.g., White v. Chafin*, 862 F.3d 1065, 1068-70 (10th Cir. 2017); *Chatman v. Buller*, No. 12 CV 182, 2013 U.S. Dist. LEXIS 151404, at *7-9 (E. D. Okla. Oct. 22, 2013). The judgment entered does not award prejudgment interest. However, if Plaintiff believes that she is entitled to it, she can file a motion under Fed. R. Civ. P. 59(e) explaining her rationale for why prejudgment interest should apply. That would be very helpful.

Date: March 28, 2023        By: _____
                                Iain D. Johnston
                                United States District Judge